T.C. KESSLER, Plaintiff,

v.

UNITED STATES

and

Commissioner of Internal Revenue, Defendants.

Civ. A. No. 94–0402 (PLF).

United States District Court, District of Columbia.

June 14, 1995.

Theodore C. Kessler, Marble Falls, TX, pro se.

Shannon L. Hough, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S. and I.R.S.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

By letter dated September 27, 1993, and addressed to the Director, Office of Disclosure, Internal Revenue Service, FOIA Request, P.O. Box 388, c/o Ben Franklin Station, Washington, D.C. 20044, plaintiff T.C. Kessler requested the disclosure of records pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Specifically, he sought for the years from 1958 through 1992 "the complete set of documents known as Form 42.008 ('System of Record') that pertains to me, Theodore Charles Kessler under [his social security number]."

On November 5, 1993, the IRS responded to plaintiff's request, advising him that he had not sent his request to the official who was responsible for the control of the records requested. It explained that the records Mr. Kessler requested, which are contained under the system known as Treasury/IRS 42.008 (Audit Information Management System), "would be associated with [his] tax return and maintained at the service center or district office" where any examination or collection action was taken with respect to his return. Letter from Symeria R. Rascoe, Tax Law Specialist, to T.C. Kessler (Nov. 5, 1993). The IRS further explained that he was required to send his request "to the service center or district office servicing the area in which you reside." *Id.* The IRS provided the address for the district office serving the city from which Mr. Kessler had sent his request. *Id.* Mr. Kessler does not dispute that he received this letter.

On May 31, 1994, Mr. Kessler filed an amended complaint in this Court, seeking disclosure of records from the United States and the Commissioner of Internal Revenue. Defendants moved to dismiss, arguing that

Mr. Kessler failed to exhaust his administrative remedies by not complying with 5 U.S.C. § 552(a)(3), which provides that a request must be made "in accordance with published rules stating the time, place, fees (if any), and procedures to be followed...." 5 U.S.C. § 552(a)(3). The IRS has set forth its rules and procedures for making FOIA requests at 26 C.F.R. § 601.702. Specifically, a request for records must

> [b]e addressed to and mailed or hand delivered to the office of the Internal Revenue Service official who is responsible for the control of the records requested ... regardless of where such records are maintained; if the person making the request does not know the official responsible for the control of the records being requested, the request should be addressed to and mailed or hand delivered to the office of the director of the Internal Revenue Service district office in the district in which the requestor resides.

26 C.F.R. § 601.702(c)(3)(iii).

 As the IRS explained to Mr. Kessler, he did not address and mail his FOIA request to the office of the official who is responsible for the control of the records requested. Nor did he address and mail his request to the office of the director of the IRS district office in the district where he resides. Because Mr. Kessler failed to follow the procedures set forth in the IRS regulations, he has failed to make a proper request under the FOIA and therefore has failed to exhaust his administrative remedies. *See American Federation of Gov't Employees v. United States Dep't of Commerce,* 907 F.2d 203, 209 (D.C.Cir.1990); *Dettmann v. United States Dep't of Justice,* 802 F.2d 1472, 1476–77 (D.C.Cir.1986); *Church of Scientology v. IRS,* 792 F.2d 146, 150 (D.C.Cir.1986). Since exhaustion of administrative remedies is a jurisdictional prerequisite to the maintenance of a suit under the FOIA, his complaint must be dismissed. *American Federation of Gov't Employees v. United States Dep't of Commerce,* 907 F.2d at 209; *Stebbins v. Nationwide Mutual Insurance Co.,* 757 F.2d 364, 366 (D.C.Cir.1985).

Plaintiff's arguments opposing defendants' motion to dismiss are unavailing. Mr. Kessler argues that he exhausted his administrative remedies because the agency failed to comply with the applicable time provisions of 5 U.S.C. § 552(a)(6)(A)(i), which requires the agency to "determine within ten days ... after the receipt of any such request whether to comply with such request...." Because Mr. Kessler did not properly submit his request, however, it is as if he had made no request at all on which the IRS could render a determination.

Mr. Kessler also argues that he does not reside in the district for which the IRS provided an address in its letter of November 5, 1993. It is not the IRS's responsibility to determine where a requestor should send his request or to know where Mr. Kessler currently resides. The IRS was merely trying to be helpful by providing the address it thought was appropriate. If Mr. Kessler did not know which official or which office is responsible for the control of the records he was requesting, he was responsible for mailing his request to the office of the director of the Internal Revenue Service district office in the district in which he does in fact reside.

For the foregoing reasons, it is hereby

ORDERED that defendants' motion to dismiss is GRANTED; it is

FURTHER ORDERED that, upon consideration of plaintiff's motion for default judgment and defendants' reply thereto, plaintiff's motion for default judgment is DENIED.

SO ORDERED.