Daniel J. LIPSMAN et al., Plaintiffs,

v.

**SECRETARY OF THE ARMY
et al., Defendants.**

Civil Action No. 02–0151 (RMU).

United States District Court,
District of Columbia.

March 31, 2003.

**4**

Charles Swinburn, Donald English, Morgan, Lewis & Bockius L.L.P., Washington, DC, for plaintiffs.

Thomas Ray, Joel Wilson, Washington, DC, for defendants.

### MEMORANDUM OPINION

URBINA, District Judge.

#### DENYING THE DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

The plaintiffs, two Army veterans and a veterans services organization, bring suit to redress alleged violations of 10 U.S.C. § 1552, the Fifth Amendment, and the Administrative Procedure Act ("APA"). Specifically, the plaintiffs challenge an amendment to the governing regulations of the Army Board for the Correction of Military Records ("ABCMR") that confers adjudicatory power on staff members who work for, but are not members of, ABCMR to evaluate reconsideration requests submitted by veterans and active members of the Army. This matter now comes before the court on the defendants' motion to dismiss the plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Because the record does not suggest that the plaintiffs lack standing and because the matter is appropriate for judicial review, the court denies the defendants' motion to dismiss.

### II. BACKGROUND

#### A. Factual Background

The plaintiffs in this case are two individuals ("the individual plaintiffs") and one veterans service organization. Plaintiff Daniel Lipsman served in the United States Army ("Army") until his discharge in 1964. Compl. ¶ 2. Plaintiff Jose Valez Ocasio also served in the Army until his discharge in 1993. *Id.* ¶ 3. Plaintiff National Association for Black Veterans ("NABVETS") is a non-profit veterans service organization authorized to bring claims under laws administered by the Department of Veterans Affairs. *Id.* ¶ 4. The defendants are the Secretary of the Army ("the Secretary"); ABCMR, the board of civilians in the Secretary's office that reviews requests for changes to military records; and Carl Chun, the director of ABCMR ("the director"). *Id.* ¶¶ 5–7.

Section 1552(a)(1) authorizes the Secretary to modify the military record of any current or former member of the Army when such action is "necessary to correct an error or remove an injustice." *Id.* ¶ 8 (citing 10 U.S.C. § 1552(a)(1)). The statute directs the Secretary to make such corrections through boards of civilians. *Id.* Toward that end, the Secretary established ABCMR to consider and act on corrections requests. *Id.* (citing 32 C.F.R. 581.3(b) & Army Regulation ("A.R.") 15–185 ch. 1 § 2).

The plaintiffs challenge an amendment to the Army regulations that sets forth ABCMR's procedures for reviewing two

types of reconsideration requests: those received more than one year after the ABCMR action, and those received after ABCMR already considered the applicant's first reconsideration request. *Id.* ¶ 11 (citing 32 C.F.R. § 583.1(g)(4)(ii) & A.R. 15–185 § 2–15(b)). As amended, the regulation provides in part that

> ABCMR staff will review the request to determine if substantial relevant evidence is submitted showing fraud, mistake of law, mathematical miscalculation, manifest error, or the existence of substantial relevant new evidence discovered contemporaneously or within a short time after the ABCMR's original consideration. If the ABCMR staff finds such evidence, it will be submitted to the ABCMR for its determination of whether a material error or injustice exists and the proper remedy. If the ABCMR staff does not find such evidence, the application will be returned to the applicant without action.

32 C.F.R. § 583.1(g)(4)(ii); A.R. 15–185 § 2–15(b).

On various occasions, and based on new evidence, the individual plaintiffs submitted to ABCMR requests for reconsideration of prior ABCMR rulings. *Id.* ¶ 14. After the ABCMR office received these requests, the director informed the individual plaintiffs that ABCMR staff members had determined that their applications did not contain evidence sufficient to merit reconsideration. *Id.* ¶ 15.

The plaintiffs allege that the defendants violated their rights under section 1552, the Fifth Amendment, and the APA when ABCMR staff screened the substance of their reconsideration requests to determine whether those requests should be submitted to ABCMR for review. *Id.* ¶¶ 21–23. Put simply, the plaintiffs want ABCMR rather than its staff to consider

and adjudicate their applications concerning corrections of military records.

### B. Procedural Background

On January 28, 2002, the plaintiffs filed a complaint alleging violation of rights guaranteed under section 1552 to have a board of civilians consider and act on applications for the correction of military records, violation of due process of law under the Fifth Amendment, and violation of the APA. On April 4, 2002, the defendants filed a motion to dismiss for lack of standing and for failure to state a claim on which the court could grant relief. The court now resolves the defendants' motion to dismiss.

## III. ANALYSIS

### A. The Court Denies the Defendants' Rule 12(b)(1) Motion to Dismiss

#### 1. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

A challenge to the standing of a party, when raised as a motion to dismiss, proceeds pursuant to Rule 12(b)(1). *Steffan v. Cheney,* 733 F.Supp. 115, 115 (D.D.C.1989) (Gasch, J.) (stating that a motion to dismiss for lack of standing can only be brought under Federal Rule of Civil Procedure 12(b)(1)). The plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Tremel v. Bierman & Geesing, L.L.C.,* 251 F.Supp.2d 40, 42, 2003 WL 721911, at *2 (D.D.C. Feb. 27, 2003) (Walton, J.); *Rasul v. Bush,* 215 F.Supp.2d 55, 61 (D.D.C.2002) (Kollar Kotelly, J.).

In considering a motion to dismiss for lack of subject-matter jurisdiction, the court should accept as true all of the factual allegations contained in the complaint. *Scandinavian Satellite Sys., AS v. Prime TV Ltd.,* 291 F.3d 839, 844 (D.C.Cir.2002) (citing *Swierkiewicz v. Sorema N.A.,* 534

U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, however, a court resolving a motion to dismiss under Rule 12(b)(1) must give the complaint's factual allegations closer scrutiny than required for a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV.2D § 1350). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986), vacated on other grounds, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Instead, to determine whether it has jurisdiction over the case, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir. 1992).

## 2. Standing

The defendants' 12(b)(1) motion fails for misdirection. The defendants premise their Rule 12(b)(1) challenge on the belief that NABVETS claims *jus tertii*

standing.[1] Defs.' Mot. at 5. In actuality, however, NABVETS asserts its standing claim under the theory of associational or organizational standing.[2] Pls.' Opp'n at 19. Because the defendants' challenge to the *jus tertii* standing of NABVETS is not on point, and because the plaintiffs assert an independent and unchallenged[3] basis for standing for NABVETS under the associational theory, the court denies the defendants' motion to dismiss pursuant to Rule 12(b)(1). *Steffan*, 733 F.Supp. at 115.

## B. The Court Denies the Defendants' Rule 12(b)(6) Motion to Dismiss

### 1. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. FED.R.CIV.P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim.

---

1. In a legal context, *jus tertii* represents one's right to exercise a third party's ability to bring suit. *Lepelletier v. Fed. Deposit Ins. Corp.*, 164 F.3d 37, 42 (D.C.Cir.1999); *Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir.1987). The law of *jus tertii* contemplates both the base requirements that third parties wanting to bring suit must meet and the judicial prudence of actually permitting those parties to do so. *FAIC Secs., Inc. v. United States*, 768 F.2d 352, 356 (D.C.Cir.1985) (Scalia, J.) (explaining that a party seeking to invoke *jus tertii* must show the basic requirements of standing set forth in Article III of the Constitution as well as the prudential requirement that the party's interests fall "within the zone" of interests regulated by the statute at issue).

2. In analyzing whether an association has standing, the court must determine not only whether there is injury in fact, causation, and redressability, but whether "(1) at least one of [the association's] members would have standing to sue in his own right, (2) the interests the association seeks to protect are germane to its purpose, and (3) neither the claim asserted nor the relief requested requires that an individual member of the association participate in the lawsuit." *City of Waukesha v. Envtl. Prot. Agency*, 320 F.3d 228, 233 (D.C.Cir.2003).

3. Perhaps recognizing the weakness of their challenge, the defendants chose not to respond to the plaintiffs' reiteration that their claim of standing for NABVETS was based on associational standing. *See generally* Defs.' Reply.

FED.R.CIV.P. 12(b)(6); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The plaintiff need not plead the elements of a prima-facie case in the complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that a plaintiff in an employment-discrimination case need not establish her prima-facie case in the complaint); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C.Cir.1996). In deciding such a motion, the court must accept all of the complaint's well-pled factual allegations as true and draw all reasonable inferences in the nonmovant's favor. *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. The court need not accept as true legal conclusions cast as factual allegations. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).

### 2. Judicial Review

The defendants' Rule 12(b)(6) challenge centers on the notions that judicial review is not an option available to the plaintiffs because there is no final agency action and the amount of deference due to an agency's regulatory and statutory interpretation is sufficiently great to prevent this court from reaching the merits of the plaintiffs' claims. Defs.' Mot. at 2–3. The court addresses each of these arguments in turn.

#### a. Final Agency Action

■ The defendants first argue that because ABCMR staff denials of reconsideration requests are not final agency actions unless the denied requests contained new evidence, judicial review is not available here. *Id.* The court is not persuaded by the defendants' reasoning. As the plaintiffs note, the defendants employ a puzzling analysis. Pls.' Opp'n at 15. On one hand, the defendants acknowledge the appropriateness of judicial review of ABCMR staff denials of reconsideration requests that contain new evidence. Defs.' Mot. at 8. On the other hand, the defendants take no notice of and make no counter-argument to the plaintiffs' repeated declarations that the reconsideration requests they submitted to ABCMR did contain new evidence. Compl. ¶ 17; Pls.' Opp'n at 15, 17. Because the court accepts as true the plaintiffs' allegation that the reconsideration requests contained new evidence, and because the defendants themselves admit that ABCMR staff denial of requests containing new evidence would qualify as final agency action, the defendants succeed only in creating a challenge to judicial review with a built-in kill switch.[4] FED.R.CIV.P. 12(b)(6); *Hishon*, 467 U.S. at 73, 104 S.Ct. 2229; *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. Accordingly, because the ABCMR staff denials at issue here constitute final agency action that is properly the subject of judicial review, the court denies the defendants' motion to dismiss. *Id.*

---

4. The court notes that the defendants repeatedly characterize the plaintiffs' claim as a challenge to the denial of their requests for reconsideration. *E.g.*, Defs.' Mot. at 4, 9. Yet the plaintiffs' complaint frames their action as a challenge not to the denial of their reconsideration requests, but to the regulatory amendment that established the process of staff review. *E.g.*, Compl. at 2; Pls.' Opp'n at 15.

## 8

### b. Agency Deference

 Equally problematic is the defendants' contention that judicial review is not available in light of the high level of deference accorded to the Secretary's interpretation of section 1552. Defs.' Mot. at 10. To support this argument, the defendants state that because Congress left gaps in its articulation of its intent for section 1552, the Secretary filled those gaps through an acceptable interpretation of the statute. *Id.* at 15–16 (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). The plaintiffs assert a contrary interpretation of *Chevron.* Pls.' Opp'n at 11.

Resolving the parties' dispute over the proper application of *Chevron* is unnecessary in light of this circuit's precedent regarding statutes that are implemented by multiple agencies. When an agency shares responsibility for the administration of a statute with other agencies, the court owes the agency's statutory interpretation no *Chevron* deference. *Rapaport v. Dep't of Treasury,* 59 F.3d 212, 216–17 (noting that to hold otherwise would lay the groundwork for a regulatory regime in which either the same statute is interpreted differently by several agencies or the one agency that reaches the courthouse first is allowed to fix the meaning of the text for all); *Salleh v. Christopher,* 85 F.3d 689, 692 (D.C.Cir.1996) (listing decisions in which the court declined to defer to the agency's interpretation of a statute because more than one agency had the authority to interpret the statute). In this case, the text of section 1552(a)(1) demonstrates that the statute applies not just to the Army, but to all branches of the military. 10 U.S.C. § 1552(a)(1) (stating that "[t]he Secretary *of a military department* may correct any military record") (emphasis added). Consequently, the court concludes that *Chevron* deference is inappropriate here and thus declines to dismiss the complaint on that basis. *Rapaport,* 59 F.3d at 216–17.

### IV. CONCLUSION

For the foregoing reasons, the court denies the defendants' motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 31st day of March 2003.