Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Decided January 30, 2004

No. 03-5142

ROBERT WILBUR,
APPELLANT

v.

CENTRAL INTELLIGENCE AGENCY,
APPELLEE

———

On Motion for Summary Affirmance
(No. 01cr00271–01)

———

*Robert Wilbur* pro se.

*Roscoe E. Howard, Jr.*, United States Attorney, and *R. Craig Lawrence* and *Wyneva Johnson*, Assistant United States Attorneys, were on motion for summary affirmance.

Before: HENDERSON, RANDOLPH and TATEL, *Circuit Judges*.

Opinion for the Court filed *Per Curiam*.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Per Curiam:* Appellant Robert Wilbur appeals the district court's summary judgment in favor of the Central Intelligence Agency (CIA). *Wilbur v. CIA*, 273 F. Supp. 2d 119 (D.D.C. 2003). Wilbur brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 *et seq.*, seeking information pertaining to himself. The district court correctly held that the CIA satisfied its obligation under the FOIA to search for records responsive to Wilbur's request. Accordingly, we affirm the district court's judgment on that ground, concluding that the court had subject matter jurisdiction to decide the issue.

## I.

Because the district court's memorandum opinion lays out the factual background in detail, we summarize only briefly the facts material to our decision. In February 1994 Wilbur submitted a FOIA request through counsel, seeking records regarding him maintained by the CIA, and subsequently provided the biographical data, privacy waiver and certification of identity the CIA requires to process a request. Following a search of the record systems maintained by the CIA's Directorate of Operations and Directorate of Administration, on June 28, 1994 the CIA issued its initial decision advising Wilbur that the agency was unable to identify any information or records filed under his name and informing him of his appeal rights.

Wilbur did not file an appeal until January 4, 1999. Two weeks later the CIA notified Wilbur that his request for appeal of the 1994 determination had been received and accepted for consideration by the Agency Release Panel. On September 14, 2000 Wilbur was advised that the agency had located no responsive documents after examining the initial searches by the Directorate of Operations and the Directorate of Administration and conducting a new search of the Director of Central Intelligence area.

On February 28, 2001, proceeding pro se, Wilbur filed suit in the district court. The CIA moved to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1)

based on Wilbur's failure to exhaust administrative remedies within the time specified by the agency's FOIA regulations and failure to comply with the federal statute of limitations for civil actions. Alternatively, the government moved for summary judgment, which the district court granted.

At the outset the district court correctly observed that "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA," which "means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response." 273 F. Supp. 2d at 123 (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61–64 65 n.9 (D.C. Cir. 1990)). The CIA's FOIA regulations require that any administrative appeal be received within 45 days of the agency's initial decision. 32 C.F.R. § 1900.42. Thus, the district court reasoned, Wilbur's appeal, which was dated January 4, 1999, more than four years after the initial CIA determination, "was late—as if it were never filed at all—and [Wilbur] can be deemed to have failed to exhaust his administrative appeal rights." *Wilbur*, 273 F. Supp. 2d at 123. Accordingly, the district court concluded it "ha[d] sufficient grounds to grant the CIA's motion to dismiss under Rule 12(b)(1)." *Id*. at 123–24. Nonetheless, the court declined to dismiss the complaint and proceeded to address the CIA's alternative motion for summary judgment "due to the fact that the CIA *accepted* Mr. Wilbur's very late-filed appeal and treated it as if it were timely." *Id*. at 124 (emphasis original). Based on the agency's affidavits, the district court determined the CIA had "conducted a thorough, reasonable, good-faith search of the CIA components that were reasonably likely to maintain records of the type sought by Mr. Wilbur" and was entitled to judgment as a matter of law. *Id*. at 124–25.

## II.

Exhaustion of administrative remedies is generally required before seeking judicial review "so that the agency has an opportunity to exercise its discretion and expertise on the

matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61. Although exhaustion of a FOIA request "is not jurisdictional because the FOIA does not unequivocally make it so," *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (citing *I.A.M. Nat'l Pension Fund Ben. Plan C. v. Stockton TRI Indus.*, 727 F.2d 1204, 1208 (D.C. Cir. 1984)), still "as a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar," *Hidalgo*, 344 F.3d at 1258–59 (quoting *Oglesby*, 920 F.2d at 61).

As we held in *Hidalgo*, the FOIA's administrative scheme "favors treating failure to exhaust as a bar to judicial review." *See Hidalgo*, 344 F.3d at 1259 (construing 5 U.S.C. §§ 552(a)(6)(A) & citing cases). Moreover, many agencies, including the CIA, require that an administrative appeal be filed within a time specified in the agency's regulations in order to satisfy the FOIA exhaustion requirement. *See Oglesby*, 920 F.2d at 65 n.9; 32 C.F.R. § 1900.42 (CIA regulation stating: "Appeals of decisions must be received by the Coordinator within forty-five (45) days of the date of the Agency's initial decision. The Agency may, for good cause and as a matter of administrative discretion, permit an additional thirty (30) days for the submission of an appeal.").

Wilbur stands on a different footing from Hidalgo with respect to the second jurisprudential factor. This action presents no risk of undermining the purposes and policies underlying the exhaustion requirement, namely, to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review. *See Hidalgo*, 344 F.3d at 1259 (citing *Ryan v. Bentsen,* 12 F.3d 245, 247 (D.C. Cir. 1993) (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975))). Wilbur did not bypass the administrative review process but pursued it to its end; he was simply late (albeit four years late). Nevertheless, the CIA accepted the appeal, processed it, reviewed the initial determination and issued a final decision upholding the agency's prior determination. Wilbur then availed himself of the right to seek

judicial review as the CIA told him he could. In these circumstances, the policies underlying the exhaustion requirement have been served. *See Oglesby*, 920 F.2d at 61–65; *Hidalgo*, 344 F.3d at 1259–60. Accordingly, we conclude that, because exhaustion is a prudential consideration rather than a jurisdictional prerequisite, the district court was not precluded under these circumstances from deciding the merits of Wilbur's FOIA claim notwithstanding his failure to comply with the CIA's FOIA appeal deadline.*

Having concluded that judicial review of the FOIA decision merits is not barred, we affirm the grant of summary judgment substantially for the reasons stated by the district court. *See Wilbur*, 273 F. Supp. 2d at 124–25. Contrary to Wilbur's assertion on appeal, the fact that responsive documents once existed does not mean that they remain in the CIA's custody today or that the CIA had a duty under FOIA to retain the records. *See Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 321 (D.C. Cir. 1982) ("A requester is entitled only to records that an agency has in fact chosen to create and retain."); *Miller v. United States Dep't of State*, 779 F.2d 1378, 1385 (8th Cir. 1985) ("The fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it."). Likewise, the agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records. *See Iturralde v. Comptroller of Currency*, 315 F.3d 311, 314 (D.C. Cir. 2003); *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991). In sum, the CIA met its burden on summary judgment to "demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine v. United States Customs Serv.*, 71 F.3d

---

* Were the exhaustion requirement jurisdictional, this failure would bar judicial review of the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998) (rejecting "hypothetical jurisdiction" doctrine under which court assumes subject-matter jurisdiction for sake of deciding merits).

885, 890 (D.C. Cir. 1995). Accordingly, the judgment of the district court is

*Affirmed.*