**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1953
_____

KEVIN CONLEY,
                              Appellant

v.

FEDERAL BUREAU OF INVESTIGATION;
UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-14-cv-05829)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 24, 2017

Before:  JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: November 28, 2017 )
_____

OPINION[*]
_____

PER CURIAM

        Kevin Conley appeals pro se from an order of the United States District Court for

the District of New Jersey granting the defendants' motion for summary judgment in this

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a. For the following reasons, we will affirm in part, vacate in part, and remand for further proceeding consistent with this opinion.

I.

In April 2011, Conley, a state prisoner in New Jersey, submitted a FOIA/PA request to the FBI. The FBI administratively divided the request into two separate inquiries: (1) records pertaining to Conley himself (Conley Request); and (2) records pertaining to the Restriction Fragment Length Polymorphism (RFLP) DNA analysis that was in effect in January 1995 (RFLP Request). Conley also requested a fee waiver.

In response to the RFLP Request, on October 27, 2011, the FBI released 107 pages in full or in part from the June 1996–July 2000 RFLP manual. The FBI withheld information under 5 U.S.C. § 552(b)(7)(E). Conley timely appealed to the Department of Justice's Office of Information Policy (OIP), challenging the redactions and arguing that the manual was not responsive to his request for RFLP policy and procedures that were in effect in January 1995. The OIP affirmed the FBI's response by letter dated August 21, 2012.[1]

_____

constitute binding precedent.

[1] Later, after Conley initiated this action in the District Court, the FBI was able to locate the RFLP manual that was in effect in January 1995. On September 3, 2015, the FBI released that manual to Conley with redactions pursuant to 5 U.S.C. §§ 552(b)(6), (b)(7)(C), and (b)(7)(D). Although some of Conley's submissions to the District Court referred to the FBI's September 3, 2015 response, he did not challenge that response by filing an amended complaint or a motion for leave to amend. Thus, because the propriety of that response was not properly raised before the District Court, we decline to address

With respect to the Conley Request, the FBI denied a fee waiver. Later, by letter dated December 16, 2011, the FBI provided Conley with responsive records. In particular, the FBI advised Conley that it had reviewed 212 pages and that 172 pages were being released in full or in part.[2] The FBI withheld information under 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(7)(E). No fees were assessed. Conley filed an administrative appeal, which was received by the OIP on March 1, 2012. The OIP denied the appeal as untimely because it was not received within 60 days of the FBI's response. See 28 C.F.R. § 16.9(a) (2011).

In September 2014, Conley filed a complaint challenging the FBI's responses. Thereafter, on July 14, 2015, the FBI notified Conley by form letter that it had located approximately 1,857 additional pages of potentially responsive documents. Noting that Conley's fee waiver request had already been denied, the FBI instructed Conley to notify it in writing within 30 days whether he wanted to receive the documents in paper format (at a cost of $87.85) or on CDs (which would have to be sent to a non-prison address at a cost of $55). The FBI also notified Conley that he could narrow the scope of his request to reduce the duplication fees. Conley replied by returning the form letter, on which he included check marks indicating his willingness to pay the duplication fees. But next to those check marks Conley wrote "[c]onditional based on compliance with . . . ¶ 7 to 38." Those paragraph numbers referred to a Letter Brief in which Conley set forth various

it. See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994).

[2] The 40 pages withheld in full were duplicates of material that had been processed and

3

"pre-conditions before [he] will provide written consent to settle." The FBI interpreted Conley's response as a failure to commit to pay the fees and closed his request. Conley claimed that he filed an appeal with the OIP but did not receive a response.

Back in the District Court, the FBI filed a motion to dismiss or in the alternative for summary judgment, arguing that Conley failed to exhaust his administrative remedies and that the FBI properly denied his fee waiver request. Notably, the FBI did not address its use of FOIA exemptions to withhold responsive material. In response, Conley argued that he did appeal from the FBI's July 14, 2015 response and that there were disputed material facts concerning the redactions. Conley also filed a motion for partial summary judgment regarding the denial of his fee waiver request. The FBI opposed that motion, arguing that Conley's "interest is purely personal" and that he failed to demonstrate that disclosure was in the public interest. The District Court held a hearing on February 16, 2016, at which it granted the FBI's motion for summary judgment and denied Conley's motion for partial summary judgment. The next day, the District Court entered an order to that effect. Conley appealed.

## II.

We employ a two-tiered test in reviewing an order granting summary judgment in proceedings seeking disclosure under the FOIA. First, we must "decide whether the district court had an adequate factual basis for its determination[;]" and, second, we must "decide whether that determination was clearly erroneous." Abdelfattah v. U.S. Dep't of

released.

Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007) (quotations, citations omitted).  We

will reverse only "if the findings are unsupported by substantial evidence, lack adequate

evidentiary support in the record, are against the clear weight of the evidence[,] or where

the district court has misapprehended the weight of the evidence."  Lame v. U.S. Dep't

of Justice, 767 F.2d 66, 70 (3d Cir. 1985).

## III.

The District Court properly concluded that Conley did not qualify for a fee waiver.

The FOIA permits an agency to recover costs of processing FOIA requests.  5 U.S.C.

§ 552(a)(4)(A).  Fee waivers are available, however, "if disclosure of the information is

in the public interest because it is likely to contribute significantly to public

understanding of the operations or activities of the government and is not primarily in the

commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).  In his FOIA request,

Conley claimed that he intended to use the records to challenge his conviction.  At the

February 16, 2016 hearing, Conley claimed that he was eligible for a fee waiver based on

his membership in the Pro Bono Legal Aid Association, the Inmate Legal Association,

the NAACP, and the ACLU.  The District Court properly concluded, however, "that there

was no proof that Conley was an authorized representative of those organizations" and

that the "requested documents do not contribute to the public understanding of the

operations and activity of government, especially since they were to your concern of

developing a new criminal defense to your prior conviction."  See Ely v. Postal Serv.,

753 F.2d 163, 165 (D.C. Cir. 1985) (holding that court "decisions clearly tie fee waivers

5

to public benefit … and establish that where the requester seeks information concerning himself only," the denial of a fee waiver request "will be upheld…." (citations and internal quotation marks omitted)). To the extent that Conley sought a fee waiver request for the RFLP request, his claim was moot because those documents were released with no fees assessed.

## IV.

We also agree with the District Court that Conley did not exhaust his administrative remedies with respect to the FBI's responses to the Conley Request. "[T]he FOIA requires exhaustion of the administrative appeals process before an individual may seek relief in the district court." McDonnell v. United States, 4 F.3d 1227, 1240 (3d Cir. 1993). Whether a requester has properly exhausted his administrative remedies under the FOIA is "a prudential consideration that the court takes into account in determining whether to exercise subject matter jurisdiction." Id. at 1240 n.9 (citations omitted). At the time Conley submitted his appeal, 28 C.F.R. § 16.9(a) (2011) provided that an appeal from an adverse FOIA decision of the FBI must be *received* by the OIP within 60 days from the date of the FBI's letter.[3] Here, the FBI responded to the Conley Request by letter dated December 16, 2011. Conley appealed, but his appeal was not received by the OIP until 76 days later, on March 1, 2012.

---

[3] The current regulation provides that the "requester must make the appeal in writing and to be considered timely it must be postmarked, or in the case of electronic submissions, transmitted, within 90 calendar days after the date of the response." 28 C.F.R. § 16.8(a) (2016).

Because the administrative appeal was untimely, Conley failed to exhaust his administrative remedies. See Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004) ("a [FOIA] requester ... must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response." (internal quotation marks and citation omitted)). We note that there is no basis for application of the prison mailbox rule. See Longenette v. Krusing, 322 F.3d 758, 764 (3d Cir. 2003) (noting that rule does not apply where "statutory or regulatory schemes … clearly required actual receipt by a specific date.").

Conley also failed to exhaust his administrative remedies with respect to the 1,857 additional pages that the FBI located in response to the Conley Request. After Conley filed his complaint, the FBI notified him of those potentially responsive materials, reminded him that his fee waiver request had previously been denied, and set forth the processing fees. Conley indicated that he would pay the fees only if certain conditions were met. The FBI properly construed this response as a refusal to pay. Because fees are a necessary component of the FOIA administrative process, see Pollack v. Dep't of Justice, 49 F.3d 115, 119-20 (4th Cir. 1995), Conley's failure to pay the assessed fees constituted a failure to exhaust administrative remedies. See Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 66 (D.C. Cir. 1990) ("Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees.").

V.

We conclude, however, that the Government failed to satisfy its burden of justifying its decision to withhold information from the June 1996–July 2000 RFLP manual. As described above, on October 27, 2011, the FBI released 107 pages from that manual, but withheld information under FOIA Exemption (b)(7)(E).[4] Conley timely appealed to OIP, challenging the use of Exemption (b)(7)(E). The OIP affirmed the FBI's response. Therefore, Conley exhausted his administrative remedies. See Oglesby, 920 F.2d at 64 (stating that 5 U.S.C. § 552(a)(6)(A) "provides for an administrative appeal where an agency's determination is adverse; judicial review of that determination is available after the agency determination has been upheld in the administrative appeal.").

In his complaint, Conley faulted the FBI for its use of Exemption (b)(7)(E) to withhold portions of the June 1996–July 2000 RFLP manual. Notably, the FBI did not argue in the District Court that the redactions were proper, and the District Court did not address the issue. On appeal, Conley again challenges the FBI's invocation of Exemption (b)(7)(E), asserting that the redacted "procedures are not investigatory records, and … are common and routine scientific tests already known to the public…." The FBI did not respond to this contention, even though we directed the parties to "address Appellant's challenge to the withholding of records pertaining to Restriction

---

[4] Exemption (b)(7)(E) applies to "records or information compiled for law enforcement purposes" that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement

Fragment Length Polymorphism (RFLP) DNA analysis that were released on October 27, 2011…." Because the FBI did not meet its burden "to justify the withholding of [the] requested documents[,]" Dep't of State v. Ray, 502 U.S. 164, 173 (1991), we must vacate in part the District Court's order. On remand, the District Court should determine whether the FBI has waived its ability to apply Exemption (b)(7)(E) to the redactions from the June 1996–July 2000 RFLP manual. We express no opinion on that issue.

VI.

For the foregoing reasons, we will affirm in part, vacate in part, and remand the matter to the District Court for further proceedings consistent with this opinion. In particular, we will vacate the District Court's order as it relates to the redactions from the June 1996–July 2000 RFLP manual. In all other respects, we will affirm the District Court's judgment.

---

investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law…."