John Stephen GULA, Plaintiff,

v.

Honorable Edwin MEESE III,
Defendant.

Civ. A. No. 87–0370.

United States District Court,
District of Columbia.

Nov. 30, 1988.

John Stephen Gula, Miami Beach, Fla., pro se.

Charles Flynn, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

Plaintiff John Stephen Gula filed this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552a *et seq.*, seeking the release of information regarding his daughter Kelly Elizabeth Gula from Federal Bureau of Investigation ("FBI") investigative files and requesting damages in the amount of $54,020,000.00 for the FBI's failure to disclose the information.

The FBI has turned over to the plaintiff a number of documents from its files, but it has withheld certain documents concerning the identity of FBI agents, FBI employees, and a non-FBI federal government employee, as well as information regarding the plaintiff's daughter Kelly. The FBI claims that the information, compiled for law enforcement purposes, is exempt from disclosure under Exemptions 7(C) and 7(D) of the FOIA. 5 U.S.C. § 552(b)(7)(C) & (D).

The plaintiff does not challenge the withholding by the FBI of information concerning the identity of certain FBI agents and the non-FBI federal government employee. However, plaintiff contends that the FBI must turn over the information concerning his daughter, which includes a number of letters written by the plaintiff.

For the reasons stated below, this court finds that the information sought by the plaintiff is exempt from disclosure under the FOIA. Further this court finds that the defendant FBI has not violated the Privacy Act and as a result the plaintiff is not entitled to damages under 5 U.S.C. § 552a *et seq.*

## Background

In a letter to the FBI Washington, D.C. field office, dated March 14, 1985, the plaintiff requested information "in regard to myself, John Stephen Gula, and my daughter, Kelly Elizabeth Gula, on a complaint originating from your Albany, New York field office, handled in Washington, D.C. by your Special Agent Robert J Wick, Jr. and during the period November 1984 to February 1985 (sic)." Plaintiff's letter to FBI, March 14, 1985.

It is undisputed that the FBI records sought by the plaintiff were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). They were collected during the course of the investigation of the plaintiff. The investigation was undertaken to determine whether the plaintiff's activities violated 18 U.S.C. § 873 (Blackmail) and §§ 875–877 (Extortion). Declaration of John F. Mencer, filed July 27, 1987, Pg. 4.

The defendant FBI treated the plaintiff's request as having been made under the FOIA and the Privacy Act. It released only one page of the 18 page file kept at the Washington field office. The remaining pages of the file were withheld under Exemption 7(A) and 7(D) of the FOIA. The released page is a report of an interview of the plaintiff by FBI Special Agent Wick in January, 1985. According to the report, the plaintiff was advised of the investigation and allowed to view copies of the letters he had sent to a family in Vermont.

The letters inquired as to the whereabouts and well-being of his daughter Kelly.

Plaintiff filed an administrative appeal, seeking the release of the remainder of the Washington, D.C. file. This administrative appeal was denied on July 9, 1985. Plaintiff has exhausted his administrative remedies.

Prior to the filing of this action, the FBI had concluded their investigation of the plaintiff.[1] Consequently, much of the information withheld under Exemption 7(A), which exempts from disclosure law enforcement records and information of an ongoing investigation, could be made available to the plaintiff. Thus the FBI reprocessed the plaintiffs original request. It reexamined its investigative files at field offices in Albany, New York and Washington, D.C. and at FBI Headquarters in Washington, D.C. After this examination the Bureau released 71 of the 167 pages that comprised these files. A number of the documents released contained excisions.

The information presently withheld falls into two categories. The first category contains information identifying particular FBI Special Agents, FBI employees, and non-FBI federal government employees. The Second category contains information regarding the plaintiff and his daughter. The plaintiff has stated in his pleadings that he neither seeks nor has ever sought any of the information in the first category and does not challenge the withholding of this information by the FBI. Plaintiff's Cross–Motion for Summary Judgement, filed February 3, 1988, Pg. 1.

At issue is the second category, information regarding the plaintiff and his daughter, withheld by the FBI pursuant to Exemptions 7(C) and 7(D) of the FOIA.

*Discussion*

I. Information Withheld Under Exemption 7(C).

Exemption 7(C) of the FOIA exempts from release

records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . .

(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, . . .

5 U.S.C. § 552(b)(7)(C).

During the course of an investigation a law enforcement agency frequently collects information regarding individuals other than the subject of an investigation. The individual may be an associate, an acquaintance or a relative of the subject of the investigation. He or she may be a potential witness to criminal activity or a source of information concerning the subject of an investigation. A considerable amount of information in an investigatory file is of this character.

■ The FBI has a responsibility under the Privacy Act to protect the privacy rights of these third parties who are mentioned in their files. In this case the release of the identities of these individuals to the plaintiff indicates that those persons were of interest to the FBI and were connected to the investigation of the plaintiff. Exemption 7(C) prohibits the disclosure of the identity of an individual where such disclosure would cause embarrassment or harassment because of that individual's cooperation with the FBI.

■ In making a determination of whether to release the identity of third parties or the information about them, Exemption 7(C) requires that the public interest in disclosure must be balanced against the third party's right to privacy. *See Lesar v. United States Department of Justice*, 636 F.2d 472, 486 (D.C.Cir.1980); *Department of Air Force v. Rose*, 425 U.S. 352, 370–373, 96 S.Ct. 1592, 1603–1604, 48 L.Ed.2d 11 (1976). Should the public interest in disclosure outweigh the third party's

---

**1.** The United States Attorney for the District of Vermont reviewed the FBI file and decided not to prosecute the case arising out of the FBI investigation of the plaintiff. However, the U.S. Attorney did advise that should the plaintiff come to the attention of his office in the future under similar circumstances, he would consider prosecution. Mencer Declaration, Pg. 5, n. 1.

privacy interest, then the Bureau is compelled to release the information. If the opposite is true, then the information is exempt from disclosure.

◼ One of the individuals mentioned in the files and withheld under this exemption is a juvenile whose name is carried in the documents as the victim of the plaintiff's extortion efforts. Mencer Declaration, Pg. 18. The juvenile's home and other identifying data were deleted since the release of such information to the plaintiff could reasonably be expected to "constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

In the instant case, the release of such information would subject this person and the other individuals who cooperated with the FBI in this investigation to unnecessary harassment and attention by the plaintiff. Moreover the plaintiff has failed to offer and this court does not discern any legitimate public interest in the disclosure of this information that would offset the privacy interests of the individuals whose names and other identifying data have been withheld. Thus the court finds that the withholding of such information concerning these individuals under Exemption 7(C) is justified.

II. Information Withheld Under Exemption 7(D).[2]

Exemption 7(D) of the FOIA exempts from disclosure

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information
> . . .
> (D) could reasonably be expected to disclose the identity of a confidential source, . . . and in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation, . . . information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). Exemption 7(D) is asserted by the defendant FBI in conjunction with Exemption 7(C) to protect both the identity of the sources and the information provided by the sources.

Persons interviewed by a law enforcement agency such as the FBI during the course of an investigation often assume that the information they provide will be used by the FBI in fulfillment of the FBI's responsibilities and that their identities will not be exposed. Congress intended this exemption to provide that absent the necessity of testifying publicly, the assistance of these individuals will be held in confidence since the fear of exposure and possible retaliation will often inhibit their cooperation. Otherwise law enforcement agencies would be faced with a "drying up of their sources", severely crippling their investigative ability. *Radowich v. U.S. Attorney, District of Maryland,* 658 F.2d 957, 960–964 (4th Cir.1981).

Exemption 7(D) recognizes that the identity of a source may be determined from an analysis of the information provided by the source, especially when the analysis is made by plaintiff, the subject of the investigation, who is intimately familiar with the facts and circumstances surrounding the investigation.

◼ Exemption 7(D) differs from Exemption 7(C) in that its applicability does not depend on the specific factual contents of a document or the balancing of the public interest in disclosure against the privacy interests of the sources. Instead the inquiry focuses on whether the information at issue was furnished by a confidential source during a legitimate criminal law investigation.

If it is found that the information was obtained under either an express assurance of confidentiality or in circumstances where an assurance of confidentiality can be reasonably inferred, then the source of the information is considered confidential.

---

2. The plaintiff argues that the FBI is estopped from withholding any information under Exemption 7(D) since it failed to invoke this exemption at the administrative level. Under *Jordan v. U.S. Department of Justice,* 591 F.2d 753, 779 (D.C.Cir.1978), the defendant in a FOIA case may assert new exemptions at the federal district court level stage not previously asserted at the administrative level, even if the circumstances have not changed in the interim.

*Radowich,* 658 F.2d at 960. In these circumstances all such information obtained from the confidential source receives protection. *Lesar v. United States Department of Justice,* 636 F.2d 472, 489–491 (D.C.Cir.1980).

■ In this regard, this circuit has adopted the view of *Miller v. Bell,* 661 F.2d 623, 627 (7th Cir.1981), "that, in the absence of evidence to the contrary, promises of confidentiality are 'inherently implicit' when the FBI solicits information." *Keys v. U.S. Department of Justice,* 830 F.2d 337, 345 (D.C.Cir.1987). Here the FBI asks that this information "remain confidential in order to preserve the Bureau's ability to elicit continued public cooperation" from such sources. *Miller,* 661 F.2d at 627.

This court finds that, as in *Keys,* the widely adopted supposition that promises of confidentiality are "inherently implicit" in FBI interviews is applicable here. The plaintiff has presented no evidence contradicting the FBI's assertion of implied confidentiality. Indeed the circumstances in this case clearly support the FBI's assertion. The success of law enforcement investigation rests upon information provided by individuals who may be exposed to relentless harassment and possible harm if their identities were revealed. This is clearly the case where victims of alleged criminal activities are involved as is the case here. Mencer Deposition, Pp. 16–17. Moreover, any individual who provides information concerning this type of criminal activity would expect the FBI to keep the information and their identities confidential. Mencer Deposition, Pg. 16; *see also Keys,* 830 F.2d at 346. Thus the court finds that given the reasons enumerated above, the information sought by the plaintiff was acquired under an implied assurance of confidentiality and therefore the withholding of this information by the FBI under Exemption 7(D) is proper.

■ The plaintiff has specifically requested access to letters written by him and sent to a family in Vermont. In these letters the plaintiff inquires as to the whereabouts and well-being of his daughter. The FBI obtained these letters during the investigation. During an interview of the plaintiff in January, 1985, FBI Special Agent Wick asked the plaintiff about these letters. Plaintiff now claims that the FBI's reference to these letters prevents the FBI from withholding the letters from the plaintiff. While plaintiff cites certain precedent in support of this proposition, none of these cases address a waiver of 7(D) and information obtained from confidential sources, which is at issue here.

In *Lesar,* 636 F.2d 472, the appellant, who sought disclosure of information withheld under 7(D), asserted that the information sought was not confidential since much of the information was in the public domain as a result of court proceedings, FOIA requests, and news leaks. The court dismissed the argument, holding that even if some of the information has "found its way into the public domain ... that does not alter the fact that this information originally was obtained in confidence. No waiver of confidentiality [by the source] has occurred." *Id.* at 491. The exemption continues until the beneficiary of the promise of confidentiality waives disclosure. *Id.; see also Radowich,* 658 F.2d at 960.

The mere fact that during the investigation the FBI inquired as to these letters and allowed plaintiff to review them for purposes of obtaining plaintiff's admission that he was indeed author of the letters (certainly an appropriate investigative technique) does not constitute a waiver of the FBI's right to withhold release of those documents to the plaintiff. The FBI should be able to carry out its normal investigative duties and at the same time maintain the confidentiality of persons who provide the FBI with information. The unilateral release of confidential information by the FBI would adversely affect FBI's relationship with those who provide the FBI with information on a confidential basis. Plaintiff has not offered any evidence of waiver of confidentiality nor has he provided any other compelling reason for disclosure of the letters.

Indeed the policy considerations behind Exemption 7(D) argue against the release of these documents. If such documents

were released, especially to persons who have an interest adverse to those who provide documents to the FBI, there is a real concern the documents could be misused. Those obtaining the information from the FBI would be able not only to identify the source but also would be in a position to materially mislead the source as to having a unique ability to obtain confidential information from the FBI. This would be totally inconsistent with the FBI's duty to protect the confidentiality of its sources and would discourage this vital form of cooperation in the future.

### III. Plaintiff's Request Pursuant to the Privacy Act.

■ The plaintiff maintains that he is also entitled to the requested information under the Privacy Act. 5 U.S.C. § 552a *et seq.* Plaintiff is correct in stating that 5 U.S.C. § 552a(d)(1) provides that an individual may gain access to agency records pertaining to himself, and that § 552a(h) allows a parent of any minor to act on behalf of the minor in requesting records under this act.

Yet even assuming *arguendo* that § 552a(h) applies in this situation, neither request can be granted since § 552a(j)(2) permits the FBI to promulgate rules exempting itself from the disclosure requirements of § 552a(d)(1). The FBI has done so by exempting the Central Records System in which the records at issue in this case are located. 18 C.F.R. § 16.96(a). Thus the FBI did not violate the Privacy Act by denying the plaintiff access to these records.

Plaintiff also seeks an award of damages pursuant to § 552a(g)(4)(A) of the Privacy Act, which allows such an award for "intentional and willful" violations of the act. Since the court finds that the FBI has not violated the Privacy Act, the plaintiff is not entitled to any award of damages.

### *Conclusion*

Accordingly, the plaintiffs motion for summary judgement is denied and the de-fendant's motion for summary judgment is granted.