John M. PAYNE, III

v.

UNITED STATES DEPARTMENT OF JUSTICE; Federal Bureau of Investigation.

Civ. A. No. 88–5060.

United States District Court, E.D. Pennsylvania.

Oct. 13, 1989.

Roberta A. Golden, Cohen, Shapiro, Polisher, Shiekman and Cohen, Philadelphia, Pa., for plaintiff.

Richard Mentzinger, Jr., U.S. Attorney's Office, U.S. Dept. of Justice, Philadelphia, Pa., for defendants.

1. Jurisdiction is federal question. 28 U.S.C. § 1331.

2. On a motion for summary judgment, movant has the initial responsibility of pointing out the absence of a material fact dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party does so, the nonmovant having the evidentiary trial burden must go beyond the pleadings and show that there is a genuine issue for trial—if necessary by filing affidavits. *Id.* at 323–24, 106 S.Ct. at 2553–54.

3. Defendants assert that the documents are exempt from disclosure under (7)(C), which exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably

## MEMORANDUM

LUDWIG, District Judge.

When plaintiff John M. Payne, III asked for documents and information pertaining to his homicide conviction in York County, PA, the FBI advised him that the material was confidential and would not be made available to him. On appeal the Department of Justice affirmed. Plaintiff filed this action invoking the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*[1] Defendants move for summary judgment, Fed.R. Civ.P. 56(c),[2] contending that the documents are exempt from disclosure under 5 U.S.C. §§ 552(b)(7)(D) and 552(b)(7)(C).[3]

This court's review of an agency's denial of a FOIA request is *de novo. E.g., Lame v. United States Department of Justice,* 654 F.2d 917, 921 (3d Cir.1981). The agency must establish the disclosure exemption. *Id.,* citing 5 U.S.C. § 552(a)(4)(B). Any reasonably segregable and non-exempt portion of a record must be disclosed. *Id.*

Defendants first assert that the documents are exempt under 5 U.S.C. § 552(b)(7)(D),[4] which protects records or information compiled for law enforcement purposes but only where their production:

(D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority . . . and, in the case of a record or information compiled by criminal law enforcement authority in

be expected to constitute an unwarranted invasion of personal privacy. . . ." The 7(C) privacy exemption does not prohibit all disclosures that invade personal privacy but only disclosures entailing an unwarranted invasion of personal privacy. *Lame v. United States Department of Justice,* 654 F.2d 917, 922 (3d Cir.1981).

4. Section 7(D) was amended in 1986. *See* Pub. L.No. 99–570 §§ 1801–1802, 100 Stat. 3207, 3207–48 to 3207–49 (codified at 5 U.S.C.A. § 552 (West Supp.1987)). "The FOIA's law enforcement exemption now includes law enforcement records when disclosure 'could reasonably be expected to' have adverse effects, as opposed to the pre-amendment requirement that the adverse effects 'would' result." *See* Note, *Developments Under the Freedom of Information Act–1986,* 1987 Duke L.J. 521, 526 (1987).

the course of a criminal investigation ..., information furnished by a confidential source.

■ To prevail on a 7(D) exemption claim, defendants must make a threshold showing that the request is for " 'records or information compiled for law enforcement purposes.' " *Hopkinson v. Shillinger,* 866 F.2d 1185, 1222 (10th Cir.1989); 5 U.S.C. § 552(b)(7). *See also Keys v. United States Department of Justice,* 830 F.2d 337, 344 (D.C.Cir.1987). Here, that requirement is met. According to the declaration of an FBI agent, the documents sought are FBI laboratory and fingerprint examinations of evidence collected by local law enforcement agencies. Declaration of Joseph P. Smith, III at 9. *See Lesar v. United States Department of Justice,* 636 F.2d 472, 487 (D.C.Cir.1980).

Section 7(D) exempts disclosure of (a) the identity of a confidential source and (b) confidential information submitted solely by such a source during a criminal law investigation. *Lame,* 654 F.2d at 923. As Section 7(D) is structured, the source of any information that comes within the second clause is necessarily included within the first. *Keys,* 830 F.2d at 343.

"The protection afforded by the first clause of 7(D) extends expressly to all information furnished by the informant which might disclose or point to his identity.... [The] clause does not extend to information which does not provide any clue to the informant's identity. But the clause does protect any statement of the informant which gives a clue to his identity and this protection is not lost if the identity of the informant became known." *Radowich v. U.S. Atty., Dist. of Maryland,* 658 F.2d 957, 960 n. 10 (4th Cir.1981). In determining whether material is exempt under the first clause, the content will determine whether revelation of the data would disclose the identity of a confidential source. If it would, the information is exempt. *Ir-*

ons v. Federal Bureau of Investigation, 880 F.2d 1446, 1457 (1st Cir.1989) (*en banc*).

■ Exemption under the second clause of 7(D) depends not on factual content but on whether the source was confidential. *Weisberg v. United States Department of Justice,* 745 F.2d 1476, 1492 (D.C.Cir. 1984).[5] "Once it has been determined that a source is confidential, *all* information that source has provided is exempt from disclosure under the second part of the exemption." *Lame,* 654 F.2d at 924 (emphasis in original). *See also Lesar,* 636 F.2d at 492. Moreover, information originally obtained in confidence is protected even when it later finds its way into the public domain by one means or another. *Radowich,* 658 F.2d at 962; *Lesar,* 636 F.2d at 491.[6]

Under both clauses of 7(D), confidentiality of the source is essential. A source is so classified if the information was given after an express assurance of confidentiality or in circumstances where an assurance of confidentiality can be reasonably inferred. *Gula v. Meese,* 699 F.Supp. 956, 959–60 (D.D.C.1988); *Radowich,* 658 F.2d at 960. Unless there is evidence to the contrary, promises of confidentiality are implicit in FBI interviews conducted pursuant to a criminal investigation, *Miller v. Bell,* 661 F.2d 623, 627 (7th Cir.1981), *cert. denied sub nom. Miller v. Webster,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982); *Gula,* 699 F.Supp. at 960, or when the FBI solicits information, *Keys,* 830 F.2d at 345. An individual, state or local law enforcement agency may qualify as a confidential source. *Lesar,* 636 F.2d at 489.

■ The 7(D) exemption continues until waived by the beneficiary of the promise of confidentiality. *Gula,* 699 F.Supp. at 966. An informer's testifying in open court will effectuate a waiver of confidentiality with respect to the subject matter of the testi-

---

**5.** The language of the exemption is intended to limit the protection to information furnished by a confidential source only and not to information furnished by others. *See Radowich,* 658 F.2d at 961.

**6.** That the information has become available through court proceedings, news leaks and FOIA requests does not amount to a waiver of confidentiality. *See Radowich,* 658 F.2d at 961–62; *Lesar,* 636 F.2d at 491.

mony. *See Scherer v. Kelley*, 584 F.2d 170, 176 n. 7 (7th Cir.1978), *cert. denied sub nom. Scherer v. Webster*, 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979). *Cf. United Technologies Corp. v. NLRB*, 777 F.2d 90, 94 (2d Cir.1985) ("the proper interpretation of the term 'confidential source' includes an informant who is promised or reasonably expects confidentiality unless and until the agency needs to call him as a witness at trial"). Moreover, a subsequent disclosure, such as by the source's testimony at trial, may be evidence that the government did not give an assurance of confidentiality. *Lame*, 654 F.2d at 925.

Here, according to the FBI agent's declaration, the documents requested by plaintiff consist of two single-volume files, 95–240167 and 95–246994, 44 and 108 pages, respectively. Declaration at 5. These contain requests for examinations of evidence submitted by local law enforcement agencies. *Id.* at 4. This information was received under an implicit understanding of confidentiality and is exempt *in toto* pursuant to section (b)(7)(D). The files also contain the results of FBI examinations. *Id.* No information can be segregated from the results of the examinations without compromising the information received in confidence from the requesting agencies. *Id.* at 5.

In opposition, plaintiff refers to portions of the trial testimony of two police officers employed by the department that conducted the homicide investigation. Both testified as to the physical evidence collected at the crime scene and sent to the FBI laboratories for identification and analysis, as well as to the results of the analysis. Pltf's opposition at 6; exh. at 441–52 and 462–68.

By order of June 9, 1989, this court deferred ruling on the motion pending the submission of an *in camera* or private "Vaughn Index." [7] In addition, defendants were directed to have the documents avail-

able for *in camera* review. *See Lame*, 654 F.2d at 927–29.

 *In camera* review impelled the conclusion that the information was given to the FBI by a confidential source and that confidentiality was not waived. *See Scherer*, 584 F.2d at 176 n. 7 (a witness's testimony at trial on a specific topic is not a waiver as to all information provided by that source upon a guarantee of confidentiality). The documents are found to be exempt from production under the second clause of 7(D). This ruling obviates the need to consider whether any portion of the documents are exempt under section 7(C). *See Miller*, 661 F.2d at 631.

---

**7.** A Vaughn Index is the itemization and indexing of the requested documents, segregation of disclosable and non-disclosable portions and correlation of each non-disclosable portion with the FOIA provision claimed to exempt it from

disclosure. *Brown v. FBI*, 658 F.2d 71, 74 (2d Cir.1981), citing *Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).