Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 11, 2003　　　　Decided October 3, 2003

No. 01-5161

PETER J. HIDALGO,
APPELLANT

v.

FEDERAL BUREAU OF INVESTIGATION,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 00cv00709)

———

*Goodwin Liu* argued the cause for *amicus curiae* in support of the appellant. Walter E. Dellinger, appointed by the court, was on brief.

*Diane M. Sullivan*, Assistant United States Attorney, argued the cause for the appellee. Roscoe C. Howard, Jr., United States Attorney, and R. Craig Lawrence, Assistant United States Attorney, were on brief.

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before: GINSBURG, Chief Judge, and SENTELLE and HENDERSON, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HENDERSON.

KAREN LeCRAFT HENDERSON, *Circuit Judge:* Appellant Peter Hidalgo, a federal inmate in Coleman, Florida, appeals the district court's summary judgment in favor of the government.[1] Hidalgo brought this action under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 *et seq.*, to challenge the denial by the Federal Bureau of Investigation (FBI) of his FOIA request for information regarding a paid government informant. The district court held that the requested information was exempt from disclosure under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Because Hidalgo did not appeal the FBI's denial to the Office of Information and Privacy (OIP) of the United States Department of Justice (DOJ) as required under the DOJ regulations, we conclude Hidalgo failed to exhaust his administrative remedies and, accordingly, we vacate the district court's summary judgment and remand to the district court to dismiss the complaint for failure to exhaust.

## I.

On December 13, 1999 Hidalgo sent the FBI a request seeking information regarding Manny Sanchez, who, he asserts, operated a marine service facility in Miami from 1989–93 as a paid informant assisting the FBI to identify and arrest narcotics smugglers.[2] Hidalgo's FOIA request sought an accounting of all payments made to Sanchez by any government agency, a history of all of his convictions and arrests, a list of all claims of misconduct against him while he was an informant and any records related to his failure to pay federal income taxes. On December 29, 1999 Hidalgo submit-

---

[1] Although Hidalgo, appearing *pro se* before the district court, did not enter an appearance before this Court, his interests were ably represented by Amicus Curiae.

[2] According to Amicus Curiae, Sanchez received somewhere between $440,000 and $1 million in government payments.

ted an "appeal from the denial of records by the F.B.I." to the OIP, the DOJ component designated to take FOIA appeals, *see* 28 C.F.R. § 0.23a. The appeal asserted that the FBI had "exceeded the statutory time limits for providing the records requested." JA 39. In fact, however, the statutory 20–day limit had not run as of that date. *See* 5 U.S.C. § 552(a)(6)(A)(I).[3]

On January 7, 2000 the FBI sent Hidalgo a timely response denying the FOIA request and informing Hidalgo that he needed either proof of Sanchez's death or Sanchez's privacy waiver to obtain the requested information because "[s]uch records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA." JA 41.[4]

On February 8, 2000 the OIP (apparently unaware of the FBI's January 7, 2000 denial) responded to Hidalgo's December 29, 1999 appeal, stating: "Although the [FOIA] authorizes you to treat the failure of the FBI to act on your request within the specified time limit as a denial thereof, [the OIP] . . . cannot act until there has been an initial determination by the [FBI]." JA 43.

On April 3, 2000 Hidalgo filed an action in the district court challenging the FBI's January 7, 2000 denial of his request.

---

[3] The statutory limit was extended from 10 to 20 days in 1996. *See* Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104–231, § 8(b), 110 Stat. 3048 (1996).

[4] FOIA Exemption 6 and Exemption 7(C) exempt from disclosure:

matters that are—

. . .

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; [and]

(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy. . . .

5 U.S.C. § 552(b)(6), (7)(C).

*See* JA 6, ¶¶ 6, 8–9. The district court granted summary judgment on March 16, 2001, on the ground that FOIA Exemption 6 precluded disclosure of the information sought. The court did not reach the government's alternative ground that the information is protected under FOIA Exemption 7(C) and expressly rejected the government's contention that the action was barred by Hidalgo's failure to exhaust his administrative remedies because he did not appeal the FBI's denial to the OIP. We review the district court's summary judgment *de novo*. *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 889 (D.C. Cir. 1995) ("We review *de novo* a district court's grant of summary judgment in favor of an agency which claims to have complied with FOIA."). Under this standard we conclude the district court incorrectly decided the threshold issue of exhaustion. Hidalgo's FOIA cause of action should have been dismissed because he failed to exhaust his administrative remedies, including appeal of the FBI's denial to the OIP.[5]

## II.

"Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)). It is true, as Amicus Curiae asserts, that the exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so. *See I.A.M. Nat'l Pension Fund Ben. Plan C. v. Stockton TRI Indus.*, 727 F.2d 1204, 1208 (D.C. Cir. 1984) ("Only when Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision . . . has the Supreme Court held that exhaustion is a jurisdictional prerequisite."). Nonetheless, as a jurisprudential doctrine, failure to exhaust pre-

---

[5] In light of this disposition, we do not reach the merits of the FBI's nondisclosure decision.

cludes judicial review if "the purposes of exhaustion" and the "particular administrative scheme" support such a bar. *Oglesby*, 920 F.2d at 61. Both factors weigh against Hidalgo here.

First, the FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review. The FOIA expressly requires that an agency receiving a request for information

> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and

> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.

5 U.S.C. § 552(a)(6)(A)(i), (ii). If the denial of the request is upheld on appeal, the agency must "notify the person making such request of the provisions for judicial review of that determination." *Id.* § 552(a)(6)(A)(ii). As we have previously concluded, this statutory scheme "requires each requestor to exhaust administrative remedies." *Sinito v. United States Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) (citing *Oglesby*, *supra*); *see Oglesby*, 920 F.2d at 61–62 ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.") (citing *Dettmann v. United States Dep't of Justice,* 802 F.2d 1472, 1477 (D.C. Cir. 1986)); *Taylor v. Appleton*, 30 F.3d 1365, 1367–68 & n.3 (11th Cir. 1994) (concluding that exhaustion, although not jurisdictional, is "condition precedent" to filing suit). Second, permitting Hidalgo to pursue judicial review without benefit of prior OIP consideration would undercut "the purposes of exhaustion, namely, 'preventing premature interference with agency processes, . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, . . . [or] com-

pil[ing] a record which is adequate for judicial review.'" *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993) (quoting *Weinberger v. Salfi,* 422 U.S. 749, 765 (1975) (alteration original)).

Amicus Curiae asserts that Hidalgo should be deemed to have exhausted his administrative remedies because his December 29, 1999 appeal was received by the OIP within 60 days of the FBI's January 7, 2000 denial, the period for appeal established by DOJ regulation, *see* 28 C.F.R. § 16.9(a), and because the appeal "clearly satisfied the purposes of exhaustion," Reply Br. at 4. While Hidalgo's appeal may have been timely, in a literal sense, it did not promote the purposes of the exhaustion doctrine. As Hidalgo pursued it before the FBI acted on his request, the appeal could not and did not place the substance of the FBI's response before the OIP. Thus, the OIP had no opportunity to consider the very issues that Hidalgo has raised in court: whether the requested information is covered under FOIA Exemptions 6 and 7(C) and whether the FBI provided an improper *Glomar* response.[6] In denying Hidalgo's narrow and premature appeal, the OIP expressly advised him of his options: "You may appeal again to this Office when the [FBI] completes its action on your request if any of the material is denied" or "In the event that the FBI still has not responded to your request at the time you receive this letter, you may, if you choose, treat our letter as a denial of your appeal and bring action in an appropriate federal court." JA 43. Hidalgo did not heed the OIP's directive. To permit him to ignore the OIP's directive "would cut off the agency's power to correct or rethink initial misjudgments or errors," *Oglesby*, 920 F.2d at 64, and frustrate the policies underlying the exhaustion requirement. *See Dettmann*, 802 F.2d at 1476 n.8 (applying exhaustion requirement because "it would be both contrary to

---

[6] A *Glomar* response "refus[es] to confirm or to deny the existence of any records." *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002) (citing *Phillippi v. CIA,* 546 F.2d 1009 (D.C. Cir. 1976)). The FBI's denial expressly advised: "This response should not be considered an indication of whether or not records responsive to your request exist in FBI files." JA 41.

'orderly procedure and good administration' and unfair 'to those who are engaged in the tasks of administration' to decide an issue which the FBI never had a fair opportunity to resolve prior to being ushered into litigation") (quoting *United States v. Tucker Truck Lines,* 344 U.S. 33, 36–37 (1952)).

For the foregoing reasons, the summary judgment of the district court is vacated and the case is remanded with instructions to the district court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) ("failure to state a claim upon which relief can be granted") for failure to exhaust administrative remedies.

*So ordered.*