UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                      )
ADAM DAVIS,                           )
                                      )
            Plaintiff,                )
                                      )
      v.                              )  Civil Action No.  10-0098 (EGS)
                                      )  Document No.    26
FEDERAL BUREAU                        )
OF INVESTIGATION et al.,              )
                                      )
            Defendants.               )
_____ )
```

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff sues several federal agencies and agency components for allegedly failing to respond to his requests for records pertaining to himself. He names as defendants the Federal Bureau of Investigation ("FBI"), the Executive Office for United States Attorneys ("EOUSA"), the Departments of Treasury, Justice ("DOJ") and Homeland Security, the Internal Revenue Service ("IRS"), the Financial Crimes Enforcement Network ("FinCen"), the Secret Service, and the Securities and Exchange Commission ("SEC"). Pending before the Court is the motion of Treasury, FinCen, Homeland Security, the SEC and the Secret Service to dismiss or for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies [Dkt. # 26]. Plaintiff has not opposed this motion. Upon consideration of the parties' submissions and the relevant parts of the record, and for the reasons explained below, the Court will grant the moving defendants' motion for summary judgment.

## I. BACKGROUND

Plaintiff alleges that he requested from each defendant all records pertaining to himself, "including, but not limited to, Criminal, Civil, Corporate, Individual, and Bond Information and/or Commercial Crimes Bonding Information and/or Case Bonding Information and/or Commercial Crimes Bonding Certification . . . ." Compl. Attach. The moving defendants' responses are as follows.

Treasury's Response

Treasury's Office of Disclosure Services received plaintiff's request dated October 5, 2009, on October 13, 2009. Declaration of Hugh Gilmore ("Gilmore Decl.") [Dkt. # 26- 8] ¶ 3, Ex. A. By letter of October 20, 2009, Disclosure Services informed plaintiff that it could not process his request for several reasons. It informed plaintiff, among other things, that he had to provide verification of his identity, that Treasury had no centralized file or central index and, therefore, he "should submit [his] request to the [enclosed list of] Treasury bureaus that [he] believe[d] would maintain responsive records[,]" and that he had to agree to pay any assessed fees prior to the processing of his request. *Id*., Ex. B.

By letter of November 3, 2009, plaintiff agreed to pay $25 in search fees and provided a photo identification card, but provided no further clarification of his request. *Id.*, Ex. C. By letter of November 5, 2009, Disclosure Services again advised plaintiff that it maintained no central index, that he would need to target specific bureaus and that it maintained no "information, or documentation of the nature you have requested . . . ." *Id*., Ex. D. It referred plaintiff to websites that may contain information about "Treasury Contract Trust Accounts and Bills of Exchange" and "Treasury's list of companies approved to serve as sureties on federal

bonds," and advised plaintiff that it would not respond "to further correspondence of this nature" and was returning his request pursuant to 31 C.F.R. Part 1, Subpart A. *Id.* Treasury has no record of having received subsequent correspondence from plaintiff. *Id.* ¶ 6.

### FinCen's Response

FinCen received plaintiff's request dated October 5, 2009, on October 9, 2009. Declaration of Amanda Michanczyk [Dkt. # 26-3] ¶ 6, Ex. A. Following a search, FinCen informed plaintiff by letter of October 15, 2009 that it had located no responsive records and advised him of his right to appeal administratively within 35 days of the determination. *Id.* ¶ 8 & Ex. C. [Dkt. # 40-1]. FinCen has no record of an appeal from plaintiff. Michanczyk Decl. ¶ 8.

### Homeland Security's Response

Homeland Security received plaintiff's request dated September 28, 2009, on October 7, 2009. Declaration of Vania T. Lockett [Dkt. # 26-1] ¶ 9 & Ex. A. By letter of October 15, 2009, Homeland Security informed plaintiff that it could not search for responsive records because the request was not sufficiently specific. *Id.*, Ex. B. It advised plaintiff to perfect his request within 30 days or it would assume he was no longer interested in the request and close his file. *Id.* Homeland Security has no record of having received a response from plaintiff. *Id.* ¶ 14.

### SEC's Response

Plaintiff alleges that he submitted a FOIA request to the SEC. Compl. at 8-9. The SEC has no record of having received plaintiff's request. *See* Declaration of Margaret Celia Winter [Dkt. # 26-6] ¶¶ 4-6.

### Secret Service's Response

The Secret Service received plaintiff's requested dated September 28, 2009, on October

9, 2009.  Declaration of Craig W. Ulmer [Dkt. # 26-7] ¶ 5 & Ex. A.  Following a search, the Secret Service informed plaintiff by letter of October 21, 2009, that it had located no responsive records, invited him to provide additional information to refine his request and advised him of his right to appeal administratively within 35 days of the determination.  *Id*., Ex. C.  The Secret Service has no record of having received a response or an appeal from plaintiff.  *Id*. ¶ 18.  Plaintiff filed this civil action on January 20, 2010.

## II.  DISCUSSION

Summary judgment is warranted "if the movant shows [by affidavit or other admissible evidence] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party opposing a summary judgment motion must show that a genuine factual issue exists by "(A) citing to particular parts of materials in the record. . . or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute[.]"  Fed. R. Civ. P. 56(c).  Any factual assertions in the moving party's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion.  *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992).  In a FOIA action, the Court may award summary judgment solely on the information provided in agency affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

An agency's disclosure obligations under the FOIA are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). Plaintiff has not refuted Treasury's and Homeland Security's evidence establishing that his requests to those agencies failed to comply with the foregoing requirements. In addition, plaintiff has not presented any evidence to refute the SEC's declaration stating that it never received a FOIA request from him.

As for the claims against the remaining defendants, FinCen and the Secret Service, the District of Columbia Circuit has interpreted the exhaustion provisions of the FOIA as "requiring the completion of the administrative appeal process before courts become involved, if the agency has responded to the request before suit is filed." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990). While exhaustion is not jurisdictional, "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003). FinCen and the Secret Service each provided timely responses to plaintiff before his commencement of this civil action. He therefore will be required to exhaust his administrative remedies prior to obtaining judicial review of those entities' responses. *See id.* (discussing factors weighing in favor of exhaustion).

For the foregoing reasons, the defendants' motion for summary judgment is granted. A separate Order accompanies this Memorandum.

DATE: March 7, 2011                    SIGNED:  EMMET G. SULLIVAN
                                       UNITED STATES DISTRICT JUDGE