**Michael William FLAHERTY, Appellant**

v.

**INTERNAL REVENUE SERVICE, Appellee.**

**No. 11–5237.**

United States Court of Appeals, District of Columbia Circuit.

June 6, 2012.

Michael William Flaherty, Williamsburg, VA, pro se.

Robert Evans Kopp, Steven Kiyoto Uejio, U.S. Department of Justice, Washington, DC, for Appellee.

BEFORE: SENTELLE, Chief Judge, and HENDERSON and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and appendices filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed July 13, 2011 be affirmed. The district court properly dismissed the individual defendants from the case and substituted the Internal Revenue Service as the sole defendant, because the Freedom of Information Act ("FOIA") only authorizes suits against certain executive branch "agencies," not individuals. *See* 5 U.S.C. § 552(f)(1); *Martinez v. Bureau of Prisons,* 444 F.3d 620, 624 (D.C.Cir.2006). Therefore, to the extent appellant requests that the court strike the appellee's filings, the request must be denied. The district court also correctly held that appellant failed to exhaust his administrative remedies. *See Hidalgo v. F.B.I.,* 344 F.3d 1256, 1258–59 (D.C.Cir.2003). Although appellant asserts that he constructively exhausted his administrative remedies for his third FOIA request because the government failed to respond to the request within twenty days, appellant did not file his complaint until January 19, 2011, well after the government responded to the FOIA request on January 26, 2009. *See Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1310 (D.C.Cir.2003) ("A requester is considered to have constructively exhausted administrative remedies and may seek judicial review immediately if . . . the agency fails to answer the request within twenty days. If the agency responds to the request after the twenty-day

statutory window, but before the requester files suit, the administrative exhaustion requirement still applies.") (internal citation omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.